UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MELISSA NELSON, individually and on behalf of all others similarly situated,

                Plaintiff,

v.

ARBY'S RESTAURANT GROUP, INC.,

                Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and the provisions of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), Defendant Arby's Restaurant Group, Inc. ("Arby's"), by and through its attorneys, files this Notice of Removal of this action from the Supreme Court of the State of New York, Queens County, Index No. 716912/2024, to the United States District Court for the Eastern District of New York. For the reasons set forth below, removal is proper based on 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

## INTRODUCTION

1.     On August 15, 2024, Plaintiff Melissa Nelson, individually and on behalf of a purported class of similarly situated current citizens of New York, filed a Class Action Complaint, styled *Melissa Nelson v. Arby's Restaurant Group, Inc.*, Index No. 716912/2024, in the Supreme Court of the State of New York, Queens County (the "State Court Action").

2.     On November 18, 2024, Plaintiff served the State Court Action on Arby's.

3.     This Notice of Removal is being filed within thirty (30) days of service of the State Court Action on Arby's, and it is therefore timely under 28 U.S.C. §§ 1446(b) and 1453(b).

4.  In accordance with 28 U.S.C. § 1446(d), Arby's has contemporaneously filed a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, Queens County, and has given written notice to Plaintiff by serving this Notice of Removal on counsel for Plaintiff.

5.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process documents and pleadings filed in the State Court Action, are attached hereto as **Exhibit A.**

6.  Arby's is removing this case to the federal district court embracing the place where the State Court Action was filed, as required by 28 U.S.C. § 1441(a).

**REMOVAL IS PROPER UNDER CAFA, 28 U.S.C. §§ 1332(d), 1453**

7.  Arby's removes the State Court Action pursuant to CAFA, codified at 28 U.S.C. § 1332(d). CAFA provides the Court with original jurisdiction of this action and permits Arby's to remove the State Court Action from the Supreme Court of New York to this Court.[1]

8.  CAFA vests federal district courts with original jurisdiction over class actions when the aggregate amount in controversy for all putative class members exceeds $5 million (exclusive of interest and costs), and when any member of the putative class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). Each of these requirements is satisfied, as set forth below.

**A.  The State Court Action Is a Putative Class Action as Defined by CAFA.**

9.  The State Court Action is a class action as defined by CAFA. CAFA defines "class action" to mean "any civil action filed under Rule 23 of the Federal Rules of Civil

---

[1] While Arby's removes the State Court Action pursuant to CAFA, Arby's expressly reserves and does not waive any personal jurisdiction defense. Arby's also reserves all rights and defenses, including but not limited to seeking dismissal on the ground that Plaintiff has not stated a claim upon which relief can be granted and all other available dismissal grounds.

Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

10. Plaintiff's Complaint alleges a putative class action on behalf of herself and a proposed New York class defined as: "All persons in New York who purchased french fries and beverages at Arby's in New York, who had previously purchased french fries and beverages before the sizes were adjusted downwards, during the statutes of limitations for each cause of action alleged." Compl. ¶ 39.

11. New York Civil Practice Law and Rules Article 9, Section 901 authorizes an action to be brought by one or more representative persons as a class action. N.Y. C.P.L.R. § 901.

12. As such, this action is properly considered a putative class action under CAFA.

**B.  Defendant Is Not a Governmental Entity.**

13. Arby's is a privately held corporation and thus is not a "State[], State official[], or other governmental entit[y] against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A).

**C.  CAFA's Requirements for Removal Are Satisfied Here.**

14. This action is removable to federal court pursuant to CAFA, which provides that a class action against a non-governmental entity may be removed if: (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, excluding interests and costs. 28 U.S.C. § 1332(d), (d)(5), and § 1453(b).

### i.  The Number of Proposed Class Members Is at Least 100.

15.   While Plaintiff does not allege a specific number of potential putative class members in the Complaint, she unequivocally alleges that "[t]he class is sufficiently numerous, with over one hundred members" such that it would be "impractical to justify" individual actions. Compl. ¶¶ 45–46.

16.   As set forth in the concurrently filed Declaration of Derek Ensminger ("Ensminger Decl."), Vice President – Litigation Counsel, Arby's has sold french fry and beverage products across the state of New York during all times relevant to the Complaint. Ensminger Decl. ¶ 4. Plaintiff alleges that "thousands of New Yorkers have visited, and continue to visit Arby's daily, at its sixty-seven (67) locations throughout the State, buying its french fries and/or beverages." Compl. ¶ 46. Accordingly, it is certain that the number of putative class members who purchased french fry and beverage products exceeds 100 and thus is sufficiently large under 28 U.S.C. § 1332(d). *See* Ensminger Decl. ¶¶ 4–5; Compl. ¶¶ 45–46.

### ii.  Plaintiff's Citizenship Is Diverse from Defendant's Citizenship.

17.   Under CAFA, only "minimum diversity" is required to establish subject matter jurisdiction in federal court. *Anwar v. Fairfield Greenwich Ltd.*, 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009). Furthermore, under CAFA's minimal diversity requirement, the citizenship of unnamed putative class members is also considered. 28 U.S.C. § 1332(d)(1)(D)–(d)(2)(A). Accordingly, "minimal diversity" is met when "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* § 1332(d)(2)(A). That requirement is satisfied here because Plaintiff is a citizen of New York and Arby's is a citizen of states other than New York.

18.   An individual is a citizen of the state where he or she resides. Plaintiff Melissa Nelson is an individual and "a citizen of Queens County, New York;" as such, she is deemed a

citizen of the State of New York. *See* Compl. ¶ 31. Additionally, Plaintiff brings this action on behalf of a putative New York class, and members of the putative classes therefore likely reside in and are citizens of the state of New York 28 U.S.C. § 1332(d)(1)(D)–(d)(2)(A); Compl. ¶ 39.

19. Arby's is not a citizen of New York. Arby's is a Delaware corporation with its principal place of business in Georgia. Ensminger Decl. ¶ 2. "For diversity purposes, a corporation is deemed to be a citizen of the state in which it is incorporated and of the state where it has its principal place of business." *Jedrejcic v. Croatian Olympic Comm.*, 190 F.R.D. 60, 70 (E.D.N.Y. 1999). A corporation's "principal place of business" refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). In practice, this is the place "where the corporation maintains its headquarters." *Id.* at 93.

20. Because Arby's is incorporated in Delaware and has a principal place of business in Georgia (Ensminger Decl. ¶ 2), it is deemed to be a citizen of Delaware and Georgia. *Jedrejcic*, 190 F.R.D. at 70. Thus, at least one member of the proposed classes is a citizen of a state different from Arby's, within the meaning of 28 U.S.C. § 1332(d)(2)(A), CAFA's diversity of citizenship requirement is satisfied.

21. The diversity that exists in this action not only satisfies the minimal diversity of citizenship requirement under CAFA, but also precludes the applicability of exceptions in 28 U.S.C. § 1332(d)(3) and (d)(4)(A)–(B) because there is no "local" defendant at home in New York. *See Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co.*, 592 F. Supp. 2d 522, 528 (S.D.N.Y. 2008) (explaining that for local controversy exception to apply, there must be "at least one defendant from the state where the action was originally filed from whom 'significant' relief is demanded").

### iii. The CAFA Amount in Controversy is Satisfied.

22. Although Arby's asserts that the allegations in the Complaint are without merit and that neither Plaintiff nor the putative class members can state a viable claim for relief, the amount in controversy here exceeds CAFA's $5 million jurisdictional minimum. *See* 28 U.S.C. 1332(d)(2).

23. Plaintiff's lawsuit seeks monetary damages and attorneys' fees, which, in the aggregate, well exceed CAFA's $5 million threshold. *See* Compl., Prayer for Relief; Ensminger Decl. ¶¶ 4–5.

24. CAFA's amount in controversy review requires that the claims of individual class members be aggregated: "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(6).

25. "[A]s specified in § 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "'Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.'" *Miller v. Syracuse Univ.*, 662 F. Supp. 3d 338, 358 (N.D.N.Y. 2023) (quoting *Dart*, 574 U.S. at 89) (finding CAFA amount in controversy satisfied where defendant explained why it was "more likely than not that the amount in controversy" exceeded $5,000,000). "In a removal petition, a defendant is not required to state the *exact* amount of damages that the plaintiff seeks, but the defendant must state, with good faith, its belief that the plaintiff is seeking enough money to establish federal jurisdiction." *Jimenez-Castro v. Greenwich Ins. Co.*, 2020 WL 7352505, at *5 (S.D.N.Y. Dec. 15, 2020). Second Circuit

precedent explains that a defendant seeking to remove a case based on CAFA jurisdiction "must show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006). Other Circuits further explain that "[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) (citations omitted) (finding that defendant "provided plausible, good-faith estimates demonstrating how the stakes exceeded $5,000,000" and that "[t]he plaintiffs did not attempt to demonstrate that it was legally impossible for them to recover that amount"); *see also ABM Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 478–79 (7th Cir. 2011) (reversing district court's remand decision and explaining that once the defendant made its "showing that the amount in controversy exceeded $5 million, the district court needed to find that it was legally impossible for plaintiffs to recover that much").

26. Plaintiff seeks monetary damages from the sale of french fry and beverage products at Arby's-branded restaurants over the past three years. *See* Complaint, Prayer for Relief, ¶ 39. From 2021 through 2024, the sales of french fry and beverage products at Arby's-branded locations in New York exceeded $30,000,000 each year. *See* Ensminger Decl. ¶¶ 4–5. Because Plaintiff seeks to represent a New York class of consumers (Compl. ¶ 39), this alone is sufficient to establish the amount in controversy. *See Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 250–51 (S.D.N.Y. 2013) (finding defendant's evidence sufficient to meet CAFA's amount in controversy requirement despite complaint not containing "any specific damages demand").

27. In short, Plaintiff requests relief that, if granted, would cost Arby's in excess of $5 million. *See* Ensminger Decl. ¶¶ 4–5; Compl., Prayer for Relief. Accordingly, while Arby's rejects Plaintiff's allegations as meritless, CAFA's requirement that the aggregate amount in controversy exceeds $5 million is satisfied.

## ARBY'S SATISFIED ALL PROCEDURAL REQUIREMENTS

28. <u>Removal is timely.</u> This notice of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b), because it is filed within thirty (30) days after service of the Complaint on Arby's. Here, Arby's was served on November 18, 2024. Therefore, notice is timely pursuant to 28 U.S.C. § 1446(b).

29. <u>Venue is Proper.</u> Plaintiff filed this action in the Supreme Court of the State of New York, Queens County. Accordingly, this action is properly removed to this Court, which embraces Queens County within its jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a).

30. <u>Pleadings and process.</u> Pursuant to 28 U.S.C. § 1446(a), Arby's is providing this Court with a copy of all "process, pleadings and orders" served on it in the State Court Action. True and correct copies of all such documents are attached to this Notice of Removal.

31. <u>Notice to state court.</u> Pursuant to 28 U.S.C. § 1446(d), Arby's is filing a copy of this Notice of Removal with the Clerk of the Circuit Court for the Supreme Court of the State of New York, Queens County, and serving Plaintiff with the same. A true and correct copy of the Notice to the Circuit Court (which is being served on Plaintiff), without exhibits, is attached hereto as **Exhibit B**.

## RESERVATION OF RIGHTS

32. By removing the State Court Action to this Court, Arby's reserves all rights and defenses, including but not limited to seeking dismissal on the ground that Plaintiff has not stated a claim upon which relief can be granted and all other available dismissal grounds.

## CONCLUSION

33. WHEREFORE, Arby's respectfully submits that: (1) CAFA applies to this action because the proposed class contains at least 100 members; (2) at least one member of the proposed class is a citizen of a state different than Arby's state of citizenship and no CAFA exceptions apply; (3) the aggregate amount in controversy exceeds $5 million; and (4) the procedural requirements under 28 U.S.C. § 1446 are met. For these reasons, the State Court Action is properly removed to this Court.

DATED: December 17, 2024

/s/ Rachel Finkel
Rachel Finkel

Rachel Finkel
ALSTON & BIRD LLP
90 Park Ave.
New York, NY 10016
(212) 210-9400
rachel.finkel@alston.com

Andrew G. Phillips (*pro hac vice forthcoming*)
Alan Pryor (*pro hac vice forthcoming*)
Troy A. Stram (*pro hac vice forthcoming*)
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)
andrew.phillips@alston.com
alan.pryor@alston.com
troy.stram@alston.com

***Attorneys for Arby's Restaurant Group, Inc.***